NATIONAL SAV. BANK OF CITY OF ALBANY v. SLADE et al.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

APPEAL—ACQUIESCENCE IN ORDER—APPEAL FROM.
    A party who acquiesces in an order by complying with terms imposed thereby cannot appeal from the order.

Appeal from special term.
Action by the National Savings Bank of the City of Albany against William S. Slade to foreclose a mortgage. From an order denying a motion to compel plaintiff to receive an undertaking on appeal from a judgment of foreclosure and sale as a full compliance with Code Civ.

Proc. §§ 1326, 1331 (42 N. Y. Supp. 455), defendant Slade appeals. Dismissed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

O. O. Cottle, for appellant.

Albert Hessberg, for respondent.

PER CURIAM. The motion upon which the order appealed from was made was simply a request to the court to declare that the undertaking filed and served by defendant was in proper form to effect a stay of proceedings pending an appeal from the judgment in this action. The statute prescribes what shall effect a stay. If the undertaking given by defendant was such as required by the statute for that purpose, the stay was effected, and no order was necessary, and no order assuming to effect a stay could aid him. Grow v. Garlock, 29 Hun, 598. The defendant called for the action of the special term, conceding it had authority to act. It did so act upon the motion, denied the same, but gave the right to defendant to file a new undertaking. This privilege was given defendant, not as a matter of right, but of favor; for it was available to him only on his complying with certain substantial conditions thereby imposed. He has availed himself of the privilege extended by the court, and followed the instruction given upon his own application, and now appeals because such instruction so sought was not in accordance with his preconceived idea of what that instruction ought to be. Having, however, acted in accordance with the same, and given an undertaking as prescribed by said order, there is left only the question of who was right upon the question of practice. "We do not decide mere abstract questions, from the determination of which no practical result can follow. In such cases we have heretofore dismissed the appeal, and see no reason for changing the rule now." People v. Common Council of Troy, 82 N. Y. 575.

The appeal from the order is dismissed, with $10 costs and disbursements.