The NATIONAL SAVINGS BANK of the City of Albany, Respondent, *v.* WILLIAM S. SLADE, Appellant, Impleaded with Others.

*Where a statute prescribes the form of an undertaking the court cannot pass upon the sufficiency of one served — appeal.*

Where a statute prescribes the undertaking which shall be given by a defendant to effect a stay of proceedings pending an appeal from a judgment in foreclosure, he is not entitled, as a matter of right, to make a motion asking the court to declare that an undertaking which he has filed and served is in a proper form to effect a stay of proceedings.

If it is in proper form, no order is necessary, and if it is not, no order can make it effective as a stay. In such a case no appeal by the defendant lies from an order denying his motion and giving him a right to file a new undertaking of which he avails himself.

APPEAL by the defendant, William S. Slade, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of November, 1896, denying his motion for an order requiring the plaintiff to receive an undertaking upon appeal from a judgment of foreclosure and sale as a full compliance with sections 1326 and 1331 of the Code of Civil Procedure.

*Edmund P. Cottle*, for the appellant.

*Albert Hessberg*, for the respondent.

PER CURIAM:

The motion upon which the order appealed from was made was simply a request to the court to declare that the undertaking filed and served by defendant was in proper form to effect a stay of proceedings pending an appeal from the judgment in this action. The statute prescribes what shall effect a stay. If the undertaking given by defendant was such as required by the statute for that purpose, the stay was effected, and no order was necessary, and no order assuming to effect a stay could aid him. (*Grow* v. *Garlock*, 29 Hun, 598.)

The defendant called for the action of the Special Term, conceding it had authority to act; it did so act upon the motion, denied the same, but gave the right to defendant to file a new undertaking.

This privilege was given defendant, not as a matter of right, but of favor, for it was available to him only on his complying with certain substantial conditions thereby imposed ; he has availed himself of the privilege extended by the court, and followed the instruction given upon his own application, and now appeals, because such instruction, so sought, was not in accordance with his preconceived idea of what that instruction ought to be; having, however, acted in accordance with the same, and given an undertaking as prescribed by said order, there is left only the question of who was right upon the question of practice.

"We do not decide mere abstract questions, from the determination of which no practical result can follow. In such cases we have heretofore dismissed the appeal, and see no reason for changing the rule now." (*People ex rel. Geer et al.* v. *Com. Council of Troy et al.*, 82 N. Y. 575.)

The appeal from the order is dismissed, with ten dollars costs and disbursements.

Appeal from the order of November 23, 1896, dismissed, with ten dollars costs and disbursements.