(49 South. 730.)

No. 17,663.

CONNELL v. BARBER.

In re CONNELL.

(June 7, 1909.)

APPEAL AND ERROR (§ 154*)—SEQUESTRATION —WAIVER OF RIGHT TO APPEAL.

Plaintiff, who stood by and made no opposition to the dissolution of his sequestration on bond, and, after the release of the property, ruled the sheriff to show cause why he should not be held liable personally for accepting an insolvent surety on the bond, thereby acquiesced in the order of release, and waived any right of appeal that he may have had in the premises.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 957–962; Dec. Dig. § 154.*]

(Syllabus by the Court.)

Action by W. P. Connell, receiver, against W. F. Barber. Judgment for defendant. Application by plaintiff for writs of certiorari and mandamus to compel respondent judge to grant a suspensive appeal. Application dismissed.

Edward N. Pugh & Sons, for relator. Respondent Judge, pro se (Schwing & Levy, of counsel).

LAND, J. The relator, as receiver of the Garig Wilson Company, instituted suit to recover the possession of a certain levee outfit, consisting of mules, tents, gears, machinery, etc., worth the sum of $3,000, alleged to be in the unlawful possession of W. F. Barber. On proper allegations and affidavit the judge ordered a writ of sequestration to issue on the plaintiff giving bond in the sum of $500. The writ issued and was executed by the seizure of 42 mules, 1 horse, 22 scrapers, one buggy, 15 tents, 3 plows, and 42 sets of harness. On May 6, 1909, on the application of the defendant, the judge ordered that the seizure be released and the property delivered to the defendant on his furnishing bond and security according to law in the sum of $1,000. Bond was furnished and accepted by the sheriff on the same day, and the property was thereupon delivered to the defendant.

On May 8, 1909, the plaintiff, suggesting that the surety was insolvent, ruled the sheriff to show cause why he should not be held liable personally as surety on the release bond. The rule was put at issue by answer and after trial had was dismissed by judgment rendered on May 12, 1909. On the same day, plaintiff moved for an appeal to the Supreme Court from the order of May 6, 1909, releasing the sequestration on bond, and from the judgment dismissing the rule to set aside the bond. On May 15, 1909, the motion for appeal was overruled by the judge.

On May 15, 1909, the present application was filed by relator to compel the respondent judge to grant a suspensive appeal from the order dissolving the writ of sequestration on bond.

The relator stood by and made no opposition to the order dissolving the writ on bond, and, after the release of the property, ruled the sheriff to show cause why he should not be held liable as surety on the release bond. After judgment dismissing this rule, relator moved for an appeal both from the order of release and from the judgment. Relator's application for mandamus

is confined to the order permitting the dissolution of the writ on bond.

We do not think that relator's application for a suspensive appeal from such order can be granted, because relator, not only stood by and permitted the order to be executed without objection, but acquiesced in the order by seeking to hold the sheriff liable as a surety on the bond. Relator, having treated the order as a legal warrant for the execution of the release bond, and having attempted to avail himself of his statutory remedy on the bond, waived any right of appeal he may have had in the premises.

It is therefore ordered that the orders herein issued be recalled, and that relator's application be dismissed, with costs.