STEBE *v.* STEBE.

APPEAL AND ERROR—WAIVER—ESTOPPEL BY ACQUIESCENCE—DIS-
MISSAL.

  The marriage of appellant, in proceedings for divorce, waives
  his right to review a decree granting to his wife a divorce
  on the ground of extreme cruelty; since one cannot secure
  a benefit under a judgment and then appeal from it, when
  the effect of his appeal may be to annul it, unless his rights
  could not be affected by the reversal of the judgment.

Appeal from Muskegon; Sessions, J. Submitted No-
vember 18, 1910. ( Docket No. 167.) Decided December
22, 1910.

Bill by Catherine Stebe against Charles C. Stebe for
divorce. From a decree for complainant, defendant ap-
peals. On motion to dismiss the appeal, considered with
argument on the merits. Motion granted.

*Alex. Sutherland,* for complainant.

*C. G. Turner,* for defendant.

BIRD, C. J. Complainant filed her bill of complaint in
the Muskegon circuit court, charging defendant with ex-
treme cruelty and praying for a decree of divorce, ali-
mony, and custody of their infant daughter, Louella.
The defendant answered, denying the material allegations
of the bill, charged complainant with cruelty, and prayed
for a decree of divorce and claimed for his answer the
benefit of a cross-bill. A hearing was had upon pleadings
and proofs in open court. The trial court, after a some-
what extended hearing, gave complainant a decree of
divorce, awarded her the custody of the child, and pro-
vided that the defendant should make monthly payments
for the care and support of the child until she attained the

age of 16 years. From this decree the defendant has appealed to this court. Subsequent to and since this appeal has been pending, and on the 8th day of February, 1910, the defendant remarried. Complainant thereupon made a motion to dismiss the appeal for this and other reasons. With this motion appears a certified copy of the license and certificate of such marriage. The motion was served upon defendant and was resisted by his counsel in this court. No denial was entered by him or his counsel of the fact of such remarriage. The motion was denied for reasons unnecessary to state, and the case has been submitted to us upon the merits.

With the uncontradicted proof of defendant's remarriage on file in this court, we think he is in no position to insist upon having his appeal further considered by this court. By entering into the marriage contract again, while his appeal was pending, he has voluntarily accepted and acquiesced in the decree made by the trial court. He ought not to be permitted to take advantage of the freedom from the bonds of matrimony which the decree grants him, and at the same time complain that such decree was wrong and against his just rights.

This question was well considered in the case of *Tyler* v. *Shea*, 4 N. D. 377 (61 N. W. 468, 50 Am. St. Rep. 660), and the rule is there stated to be:

"That one cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute and cannot possibly be affected by the reversal of the judgment."

The case of *Rariden* v. *Rariden*, 33 Ind. App. 284 (70 N. E. 398, 104 Am. St. Rep. 252 ), was a divorce case in which the defendant was granted a decree of divorce on his cross-bill. He appealed from the decree awarding the complainant alimony. Subsequently the defendant remarried, and the court held he had thereby waived his appeal. To the same effect, see *Stephens* v. *Stephens*, 51 Ind. 542.

We think the same must be said of the defendant in this

case, that he has waived his appeal by his remarriage. This holding is supported by the recent case of *Clairview Park Improvement Co.* v. *Railway*[1] (129 N. W. 353).

The appeal is dismissed, with costs to the complainant.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.

---

[1] Not officially reported. Motion for rehearing pending.