BREAUX, C. J.
Plaintiff brought this suit to recover one-fourth of an arpent of land in the Jennings oil field, and for an accounting of amounts he alleged are due.
On Motion to Dismiss.
Defendant and appellee, R. E. Brooks, alleging that plaintiff, appellant, J. E. Crusel, acquiesced in the judgment, moved to dismiss the appeal.’
His averments in the main are that appellant Crusel, has taken possession of the property to the extent of his interest under the judgment.
The judgment decreed that plaintiff was entitled to the ownership of one-fourth of the land and to the oil it had produced, less expenses.
Before the judgment was signed in the district court, Mr. Brooks made an application for its amendment.
After this application of Mr. Brooks had been made, Mr. Crusel filed an answer to defendant’s rule, in which he averred substantially, in the first place, that he did not make the admissions alleged by defendant, but that he reserved the right to contest on appeal. To quote this answer literally:
“That he admitted for the purpose of the rule that the court’s statement of the account was correct, and added that the contention of the defendant as to errors in the statement of the court was true to the following extent:
“That the court ought to have deducted the 5,995.06 barrels of oil held by Brooks as excess payment of royalty.”
He asked that the court decree a reduction on the money judgment from §6,608.14 to $1,620.23, and that, after amendment, defendant and appellee’s motion for a new trial be rejected.
The judgment was amended and the amount was reduced agreeably to plaintiff’s application.
It would not be difficult to decide the issues ,on the motion to dismiss, were it not ■that the plaintiff and appellant has sought, by written statement in' the motion to amend, to reserve the right to contest defendant’s right on appeal on the ground, as argued in the brief of learned counsel for plaintiff, that the principles upon which the judgment was rendered were erroneous and that he had never approved those principles.
It none the less remains as a fact that he has had the judgment reduced in accordance with an amount which he alleged was due by him.
There was acquiescence in the judgment, both before and after it had been signed.
The acquiescence before consisted in allegations in the application to amend it which resulted in reducing amount of the judg *842 ment in a manner favorable to plaintiff and in opposing defendant’s motion for a new trial.
Tbe acquiescence after the judgment had been signed consisted in execution by the plaintiff of the judgment by accepting the property the judgment had decreed he should receive and by expressions of intentions not to appeal.
The position of plaintiff in defending himself against the plea of acquiescence is:
That his statements before noted, regarding acquiescence, were conditional.
Defendant, before the judgment was signed, asked for the amendment, and, after amendment, that the judgment remain as written.
This was agreeable to the court’s opinion and. was done.
After the judgment had been signed, he again acquiesced by accepting property in accordance with the decree.
We take up for decision the point which is grounded upon the fact that both parties substantially agree in their respective briefs in stating that the land, in which plaintiff, Orusel, claimed one-fourth as owner, and which is allowed him in the judgment, and the oil produced thereon, was sequestered, and a judicial sequestrator appointed to hold the land, collect the oil produced, and sell the oil for account of the owners.
It is not disputed that the sequestrator, after judgment, had an amount of money in possession, realized from the sale of the oil, and he also had oil in possession, received during the progress of the suit.
The amount the plaintiff and defendant divided.
The former received one-fourth, and the defendant the proportion to which he was entitled.
To this point the facts are undisputed.
It is thereby made evident that under the judgment plaintiff received his share of oil and went into possession of his interest as an owner.
But, further on, the appellant, Crusel, refers to a receipt which is not in evidence and not before us. That receipt will not, therefore, be considered.
The contention on the part of plaintiff is that in this receipt he has reserved his right on appeal.
Learned counsel for appellant argues that plaintiff only received his own, and that without judgment he was entitled to the property just mentioned.
That may well be, but it remains as a fact that the rights of parties have merged in the judgment, and that he received the property under the terms of the judgment.
In a similar case it was held that there was acquiescence, although the reservation was made as in the present case pending for decision. Flowers v. Hughes, 46 La. Ann. 436, 15 South. 14.
The court said in the last-cited case that a reservation does not avoid the acquiescence.
We are of opinion that an attempted reservation of a right which is not explicit,and definite will not have the effect of setting aside the position as explicitly taken as was taken in the present case. , ,
In another case an appeal was taken from the judgment fixing an amount as due by appellant. Stewart v. Betzer, 20 La. Ann. 137.
In the cited case an appeal was taken from the judgment fixing the amount due by the appellant.
In the case pending for decision the appeal was taken from the judgment fixing the amount due to appellant.
It is conclusive. It binds the plaintiff. He has taken an active part in obtaining the judgment and in fixing the amount.
*844 This court has decided, again and again, that acquiescence in the judgment partially or in toto is fatal to the appeal. Succession of De Egana, 18 La. Ann. 59; Williams v. Duer, 14 La. 523; Landry v. Connely, 4 Rob. 127.
From any point of view, it is evident that plaintiff has acquiesced in and approved the judgment, at least in part, if not in toto.
For reasons assigned, the motion to dismiss the appeal is sustained, and the appeal is dismissed, at plaintiff’s costs.