## WISEMAN v. COTTINGHAM et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1911. Rehearing Denied Dec. 20, 1911.)

1. JUDGMENT (§ 335*)—BILL OF REVIEW—PARTIES.

On bill of review against a judgment awarding recovery of land, brought by heirs who were not personally served, it was not necessary to cite defendants in the original suit, who were not interested adversely to the heirs.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 647–663; Dec. Dig. § 335.*]

2. EXECUTORS AND ADMINISTRATORS (§ 438*)—SERVICE OF PROCESS—EFFECT ON HEIRS.

Under Rev. St. 1879, art. 1202, providing that in suits against decedents' estates, involving title to land, the executor or administrator, if any, and the heirs, shall be made parties defendant, in a suit to recover land, the heirs were necessary parties, and personal service on an administrator did not make them parties.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1785; Dec. Dig. § 438.*]

---

**3. ELECTION OF REMEDIES (§ 7*) — FILING CLAIM AGAINST DECEDENT'S ESTATE.**

By filing a claim, founded on a vendor's lien note, with the purchaser's administrator, the vendor elected to recover on the note, precluding subsequent suit to recover the land.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12; Dec. Dig. § 7.*]

**4. VENDOR AND PURCHASER (§ 93*)—RESCISSION FOR NONPAYMENT OF PRICE.**

A vendor who has been paid a large part of the purchase money should not be permitted to rescind the contract and recover the land, if the purchaser is ready, willing, and able to pay the balance due, no matter how long he has been in default.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 153, 154; Dec. Dig. § 93.*]

**5. DESCENT AND DISTRIBUTION (§ 8*)—RECOVERY OF LAND—INSOLVENCY OF ESTATE—EFFECT.**

Insolvency of a deceased purchaser's estate does not affect his heirs' right to recover the land against the vendor, where the balance due on the price has been paid into court.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 33–39; Dec. Dig. § 8.*]

Appeal from District Court, Wilson County; E. A. Stevens, Judge.

I. E. Wiseman having recovered judgment against J. R. Cottingham and others in a suit for land, Mamie Cottingham Chambliss and others brought a bill of review, and from a decree in their favor Wiseman appeals. Affirmed.

Canfield & King and L. B. Wiseman, for appellant. Shook & VanderHoeven and Webb & Goeth, for appellees.

FLY, J. I. E. Wiseman, appellant herein, instituted suit against J. R. Cottingham, individually and as administrator of the estate of T. A. Cottingham, deceased, W. H. Cottingham, and the unknown heirs of T. A. Cottingham to recover of them 25 acres of land, alleged to have been conveyed to T. A. Cottingham by James R. and Lizzie West on September 16, 1906. The suit was instituted on February 26, 1909. In the petition it was represented that in the deed from James R. West and Lizzie West to T. A. Cottingham a vendor's lien had been retained to secure a certain promissory note, executed by Cottingham, for $125, which became due on October 1, 1907, and was, together with the superior title to the land, transferred to appellant on January 14, 1909, and that the same had not been paid, and that appellant had abandoned suit on the note and instituted suit for the land.

The unknown heirs of T. A. Cottingham were cited by publication, and on December 22, 1909, judgment by default was taken against J. R. Cottingham and W. H. Cottingham, and, the unknown heirs of T. A. Cottingham not having answered, an attorney having been appointed guardian ad litem to represent them, and having filed a plea of not guilty for them, and the cause being heard by the court, judgment for the land was rendered in favor of appellant.

On October 11, 1910, Mamie Cottingham Chambliss, joined by her husband, Thomas W. Chambliss, and Clive Cottingham, appellees herein, filed a bill of review, representing that they resided, respectively, in North Carolina and Missouri, and alleged that in 1906 James R. West owned the certain 25 acres of land involved in the suit instituted by appellant, and conveyed the same to T. A. Cottingham for $150 cash and a note for $125; that they were the heirs of T. A. Cottingham, who had died in March, 1907; that J. R. Cottingham was, in September, 1907, appointed administrator of the estate in Bexar county, and in December, 1907, appellant had filed her claim, evidenced by the note for $125, with the administrator for allowance; that the same was allowed according to its face, tenor, and effect, and the same was entered upon the claim' docket. It was further alleged that when she filed the claim for allowance appellant did not own the superior title of the vendor, but afterwards, on January 14, 1909, obtained such title from James R. West, and May 3, 1909, instituted suit for a recovery of the land; that appellees were not served with personal citation, but only by publication; and that they were not bound by the judgment obtained against them as unknown heirs. Appellees tendered into court the full amount of the principal, interest, and attorney's fees due on the promissory note, and the same had been tendered by the administrator, as well as appellees, to appellant, and had been refused by her. They prayed for a cancellation of the judgment against them, and that they, for the benefit of all the heirs and the estate of T. A. Cottingham, be vested with title to the land.

The cause was heard on the bill of review, and on December 21, 1910, the court decreed the land to appellees, who were found to be heirs of T. A. Cottingham, canceled the promissory note, and ordered that appellant take and receive the sum of $205.80, being the principal, interest, compound interest, and attorney's fees due on the note, which was in the hands of the district clerk of Wilson county, together with all costs of court.

The trial judge found the facts to be as alleged in the bill of review, which findings are supported by the statement of facts, and that appellees were entitled to one-seventh of the estate of T. A. Cottingham.

[1] Appellant sought by plea to abate the suit, on the ground that it appeared from the bill of review that J. R. Cottingham, as administrator and individually, and W. H. Cottingham were defendants in the original suit, which was overruled, and this is made the subject of the first and fourth assign-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ments of error, and practically the same question is raised in the second and seventh assignments of error. The propositions are that in a suit to set aside or vacate a judgment it is the general rule that all persons should be made parties who were parties to the original proceeding, and that when certain defendants are personally cited and others cited by publication, and judgment was rendered against all of them, those cited by publication cannot have a judgment against all the defendants set aside as to all of them. It is provided in article 1375, Rev. Stats. 1895, that, "in cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown, supported by affidavit, filed within two years after the rendition of such judgment." In the succeeding article of the statutes, it provides for process to be made upon the parties adversely interested in the judgment. It did not appear from the pleadings or any other part of the record that J. R. Cottingham or W. H. Cottingham were adversely interested in the judgment against appellees; but, on the other hand, they would indicate, as appeared from the testimony, that they were not interested adversely to appellees. The cases cited by appellant have no applicability to a case of unknown heirs, cited by publication, applying for a new trial, after the term, through a bill of review. The judgment vests the title to the land in appellees, for the use and benefit of all the heirs of T. A. Cottingham and the estate of deceased. The pleadings of appellant show that the equitable title to the land was in the estate and heirs of T. A. Cottingham, rendering it impossible for the other defendants to have any interest adverse to appellees. The statute requires the citation of those only who are adversely interested in the judgment, and no one could, under the circumstances, be so adversely interested, except appellant.

[2] It is provided in article 1202, Rev. Stats. 1879: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant." That statute disposes of the eighth assignment of error, through which it is contended that personal service on the administrator made the heirs of T. A. Cottingham parties, and that they were not necessary parties.

[3] Appellant proved up and filed her claim, founded on the note for the purchase money, with the administrator, who allowed it, and it was approved by the court. The filing of the claim with the administrator was an election to recover on the note, and appellant had no right afterwards to sue for the land. She had a choice of remedies. She could abandon the contract and recover the land, or affirm the contract and have judgment for her debt and a foreclosure of the lien. She chose the latter when she filed her claim with the administrator. The allowance and approval of the claim constituted a judgment against the estate. Neill v. Hodge, 5 Tex. 487, and Willis v. Smith, 65 Tex. 658, and numerous other decisions intervening. Having proceeded to judgment on her claim, she lost her right to sue for and recover the land. Von Roeder v. Robson, 20 Tex. 754; Roberts v. Lovejoy, 60 Tex. 253; Bartley v. Harris, 70 Tex. 181, 7 S. W. 797; Gunst v. Pelham, 74 Tex. 586, 12 S. W. 233; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314. T. A. Cottingham had paid over one-half the purchase money, and appellant should not be allowed to recover the land, unless appellees were unwilling to pay the balance. Pierce v. Moreman, herein cited.

[4] Appellees had the right to pay off the indebtedness against the land, no matter how long they had been in default. Tom v. Wollhoefer, 61 Tex. 277; Estell v. Cole, 62 Tex. 695; Hamblen v. Folts, 70 Tex. 134, 7 S. W. 834; Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290. Justice and equity demand that when a vendor has been paid a large part of the purchase money the harsh and rigorous measure of rescission of the contract and a recovery of the land should not be permitted, when the vendee is ready, willing, and able to pay off the remaining indebtedness. Appellant lost nothing by being compelled to receive the purchase money, except the inequitable privilege of obtaining land worth, perhaps, $1,000 for less than $200. The district judge did not err in granting a new trial, in setting aside the original judgment, and in rendering the judgment that he rendered.

[5] If the estate of T. A. Cottingham was insolvent, how did that fact in any way damage appellant? Her money is in court, and if it had not been paid appellant had a lien on the land superior to all claims, except funeral expenses and expenses of last sickness, and expenses of administration, for payment of which the personal property lacked less than $2 of being sufficient. The report of the administrator showed that the property was "more than sufficient in value to pay all debts due this estate." Appellant in no event could be injuriously affected by any supposed insolvency of the estate.

None of the assignments is meritorious, and the judgment will be affirmed.