SANFORD v. COBE.   (No. 376.)

(Court of Civil Appeals of Texas. El Paso. Jan. 7, 1915. Rehearing Denied Jan. 21, 1915.)

1. PLEADING (§ 264*)—AMENDMENT—EFFECT AS ABANDONMENT OF ORIGINAL ANSWER.

Where the court, in sustaining an objection to an answer, granted leave to amend, the filing of an amended answer constituted an abandonment of the former answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 803–805; Dec. Dig. § 264.*]

2. ELECTION OF REMEDIES (§ 7*)—IGNORANCE OF FACTS AS AFFECTING ELECTION.

A purchaser of land, by filing an answer in the vendor's action for the purchase price, alleging nonperformance of certain obligations by the vendor, and praying for specific performance and damages, did not make such an election of remedies as prevented him from thereafter seeking a rescission, if, when he filed such answer. he did not know the facts entitling him to rescind, and hence, where he filed an amended answer alleging facts entitling him to rescind and alleging ignorance of such facts when the former answer was filed, it was error to sustain an exception thereto, without hearing evidence as to his knowledge of such facts when the former answer was filed.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12; Dec. Dig. § 7.*]

3. PLEADING (§ 93*)—ANSWER—INCONSISTENT DEFENSES.

In a vendor's action for the purchase price, the purchaser had a right to plead facts entitling him to specific performance, and facts entitling him to rescind, though the two defenses were inconsistent, and though, on motion, he might have been required to elect.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 189, 190; Dec. Dig. § 93.*]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Suit by Ira M. Cobe against Daniel P. Sanford. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Burges & Burges, of El Paso, Hudson & Canon, of Pecos, and Hunter & Hunter, of Ft. Worth, for appellant. Capps, Cantey, Hanger & Short and Ocie Speer, all of Ft. Worth, and Ross & Hubbard, of Pecos, for appellee.

HARPER, C. J. This suit was instituted by Ira M. Cobe against Daniel P. Sanford, on a contract for the purchase of certain lands, with a prayer for judgment for the unpaid portion of the purchase price, and for foreclosure of the vendor's lien on the

land. Trial before the court without jury resulted in judgment for plaintiff for $6,601.-92, with interest, and foreclosure of the lien.

Appellant, in two assignments, charges that the court erred in sustaining plaintiff's exceptions to all that part of the third amended original answer setting up fraud and praying for a rescission of the contract because of such fraud, and in striking from the files of the cause his fourth amended original answer and cross-petition for rescission on the ground that defendant had elected to affirm the contract pleaded by plaintiff by filing, first, his answer praying for specific performance and for damages growing out of the contract. Appellee suggests that there is no reversible error in the first assignment because appellee's exception to appellant's third amended original answer sustained by the court is not contained in the record.

[1] It is true the record does not show what the exception was, but the court granted leave to amend; therefore the fourth amended answer was properly filed as an amendment and constituted an abandonment of the third (the overruling of which is complained of in the first assignment). Therefore the inquiry is: Was it error for the court to sustain an exception to the fourth amended answer upon the ground that appellant is estopped from setting up the new matter therein contained because he had elected his remedy by his former pleadings?

Appellant's first amended answer admitted the execution of the contract sued on, and charged that the Swenson Land Company, appellee's assignors, and plaintiff, as well, had failed to perform its certain obligations therein contained and set up certain items of damages sustained by reason of the company's failure to perform, and prayed for specific performance and for the damages alleged.

The second amended answer sets up substantially the same allegations as the first as grounds for damages and for specific performance, and also the allegations of fact that the land company did not own the head spring and phantom lake as represented, and that the land was nonriparian, etc., and prayed for a rescission of the contract, but did not contain any allegation that he had no knowledge of the facts alleged upon which he based his prayer for rescission.

The third and fourth answers set up that, for the reasons enumerated, the land company, nor the appellee, were able, for reasons pleaded, to perform the contract entered into, and prayed for a rescission of the contract sued on and for the return of the money paid as first payment, $3,500.

[2] In addition to the above, the appellee urges that the fact that appellants had, prior to the pending suit, filed a suit in the courts of Illinois for specific performance, which was dismissed without prejudice, was an election of remedies, and that for both reasons the appellants could not defend upon the grounds alleged in the third and fourth amendments.

"An election once made with knowledge of the facts is in itself binding and cannot be withdrawn without due consent, although it may not have been acted upon by another by any change of position." 15 Cyc. 262; Bauman v. Jaffray, 6 Tex. Civ. App. 495, 26 S. W. 260.

"If such an election was made, * * * appellant is bound by it," but "an election does not occur through haphazard or mistake. An important element in such election is knowledge of the facts by the party charged with the election. The option can only be intelligently exercised upon full knowledge of the facts, and a party should not be held bound by an election when he did not know the facts upon which it could be intelligently based." Wilson v. Carroll, 50 S. W. 222, and cases there cited.

Appellant urges that, since appellant pleaded under oath that he had no knowledge of the facts upon which he based his pleadings for rescission of the contract when he filed his first and second answers, it became a mixed question of law and fact, and therefore the court erred in sustaining an oral motion to strike the fourth amended answer from the files without hearing evidence as to appellant's knowledge of the facts alleged therein. Appellee contends that the first and second answers show conclusively that appellant had full knowledge of the facts set up in his third and fourth amended answers, upon which he based his prayer for rescission.

[3] If appellant, at the time he filed his first amended original answer, had no knowledge of the facts upon which he, in his second, third, and fourth amendments, based his prayer for a rescission, he was entitled to set them up in such pleadings, and the court erred in striking them from the files. For in the second amendment he could plead two inconsistent defenses. He might be required upon motion to elect, but this was not done. Now, since, in his fourth amendment, he abandons the former pleading for specific performance, and his plea in reconvention for damages, and elects to stand upon his plea to rescind the contract, it was the duty of the court to first determine, by hearing evidence, whether appellant in fact had knowledge of the facts upon which he based his defense in the latter pleading at the time he filed his first amended answer before sustaining an exception to it, based upon the proposition that he had elected his remedy, and there is nothing in the pleading of this appellant in this case, nor the one filed in Illinois, to show such knowledge.

The assignments are therefore sustained, and cause reversed and remanded.