## BURNETT et al. v. TIPTON.
### No. 1450.

Court of Civil Appeals of Texas. Eastland. Nov. 15, 1935.

Rehearing Denied Jan. 3, 1936.

Frank S. Roberts and C. J. O'Connor, both of Breckenridge, and Grady Owen, of Eastland, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

GRISSOM, Justice.

The appellee, Carrie E. Tipton, was, by the county court of Eastland county, adjudged to be a person of unsound mind. A. P. Tipton was immediately upon such adjudication appointed temporary guardian of her person and estate, and afterwards such temporary appointment was made permanent. She gave notice of appeal to the district court from each of said orders. Upon a trial before a jury in the district court on September 24, 1934, she was found to be of sound mind, and judgment entered accordingly, and J. R. Burnett, who succeeded Tipton as guardian, and others, have appealed to this court.

It will be necessary to give in some detail the proceedings in the county court. On March 29, 1933 the following affidavit was filed in said court:

"The State of Texas
"County of Eastland
"In the County Court of Eastland County, Texas, Lunacy.

"Before me, the undersigned authority on this day personally appeared John I. Chesley, who, after being by me duly sworn on his oath deposes and says that Carrie E. Tipton, of Eastland County, Texas, is of unsound mind, and is without a guardian.

"John I. Chesley.

"Sworn to and subscribed before me this 29th day of March, 1933.

"C. L. Garrett
"County Judge, Eastland County, Texas."

Immediately after the filing of this affidavit the county judge issued his warrant for the arrest of the defendant directing that the said Carrie E. Tipton be brought before him for trial on April 25, 1933. She was arrested and brought before the county judge as directed, and upon trial before a jury was found to be of unsound mind, and so adjudged. On the day she was adjudged to be of unsound mind her husband, A. P. Tipton, filed application in said court to be appointed guardian of her person and estate. This application alleged that Carrie E. Tipton had been adjudged a person of unsound mind, that the applicant was not disqualified, alleged the value of her estate, etc. Immediately, and without notice, the said A. P. Tipton was appointed temporary guardian and qualified. Thereafter notice was issued and executed by posting, requiring all persons interested in the estate of Carrie E. Tipton to appear before the next term of court and contest the appointment of A. P. Tipton as guardian if they desired to do so. At the next term on May 31st said appointment was made permanent.

442

On May 4, 1933, Carrie E. Tipton, through her attorney, filed her motion for a new trial in the cause wherein she had been adjudged to be of unsound mind, and A. P. Tipton appointed temporary guardian. The motion for new trial was overruled, and she, in open court, excepted and gave notice of appeal to the district court. On July 7th Carrie E. Tipton by her attorney gave notice of appeal to the district court from the order appointing A. P. Tipton permanent guardian, as well as from the prior orders of the court heretofore mentioned.

On November 16, 1933, an affidavit was filed in the county court alleging that Carrie E. Tipton had been restored to her right mind, and on the same day citation was issued to A. P. Tipton to appear before the court on November 23, 1933, and show cause why she should not be discharged from further guardianship.

On January 24, 1934, Carrie E. Tipton and Mrs. John E. Chesley, as her next friend, filed a motion in the county court to remove A. P. Tipton as guardian. The concluding portion of the prayer contained in said motion reads as follows: "And that there be appointed immediately a new guardian in this cause."

On the day the motion was filed an order was entered reciting the appearance of all parties, and removing A. P. Tipton as guardian, and appointing J. R. Burnett to such position. The judgment, among other things, contained the following recitals: "All the parties named being present in court, and represented by counsel, and the said Carrie E. Tipton in person and by next friend, Mrs. John E. Chesley, having filed a written motion to have said A. P. Tipton removed as guardian of her said estate and person, and for the court to appoint a new guardian immediately for her said estate, and the said Carrie E. Tipton in person and by attorney then and there in open court having waived a hearing and further consideration by the court of said affidavit alleging that she had been restored to her right mind, and thereupon insisting upon the court to appoint a new guardian, and the said A. P. Tipton * * * joined with his said wife for the appointment of a new guardian to be named and selected by the court without suggestion upon the part of any of the interested parties, and all interested parties agreeing to abide the judgment of the court in his selection of some competent guardian of said estate,

not a relative to the said Carrie E. Tipton, the court thereupon after full consideration of the foregoing facts, acts and agreements of the parties, and the conduct of the said A. P. Tipton, and all the evidence in the case, is of the opinion that the said A. P. Tipton * * * guardian should be removed; and it further appearing to the court that the said Carrie E. Tipton was heretofore on the 25th day of April, 1933, adjudged by the County Court of Eastland County, Texas, in a jury trial had for the determination of said issue, to be of unsound mind, and it further appearing to the court that the said Carrie E. Tipton has never been restored to her right mind, but is still suffering from mental incapacity, and there is a necessity for the guardianship of her person and estate, and that J. R. Burnett, of Eastland County, Texas, is not disqualified and is entitled to be appointed guardian."

There was no appeal from this order removing Tipton and appointing Burnett guardian of the person and estate of said Carrie E. Tipton.

Prior to the trial of the cause on its merits in the district court, the appellant Burnett, guardian, presented to the court his plea to the jurisdiction and motion to dismiss the appeal. The appellee, Carrie E. Tipton, excepted to the affidavit of lunacy and the application for guardianship as insufficient in law. All of said pleas, motions, and exceptions were overruled by the court, to all of which the respective parties duly excepted.

The affidavit, warrant, and jury trial in the county court, prior to the appointment of a guardian, constituted, we think, a substantial compliance with the provisions of chapter 12, title 69, art. 4267 et seq., R.S.1925. This court has heretofore held that the appointment of a temporary guardian for a person of unsound mind is not authorized by article 4134, R.S.1925, which article does authorize the appointment of a temporary guardian for a minor. Damron v. Rankin et al. (Tex.Civ.App.) 34 S.W.(2d) 360; Goodwin v. Boggus (Tex.Civ.App.) 53 S.W.(2d) 646. The order making the appointment of said temporary guardian permanent was likewise unauthorized. Pure Oil Co. v. Clark et al. (Tex.Civ.App.) 35 S.W.(2d) 838; Withers v. Patterson, 27 Tex. 491, 86 Am.Dec. 643. However, the court having jurisdiction of the person of the defendant and the subject-matter, its said orders, if erroneous,

were not void. Bearden et al. v. Texas Co. et al. (Tex.Civ.App.) 41 S.W.(2d) 447; Id. (Tex.Com.App.) 60 S.W.(2d) 1031. We do not believe the court erred in overruling the exception to the affidavit of lunacy and the application for guardianship as insufficient in law.

■ Mrs. Tipton having seasonably given notice of appeal, the duty of preparing a transcript rested upon the clerk of the county court, and delay by him did not prevent the perfection of appeal to the district court. Stewart et al. v. Moore et al. (Tex. Com.App.) 291 S.W. 886.

The guardian's plea to the jurisdiction and motion to dismiss the appeal to the district court present a more serious question. Article 4323 provides that such "appeal shall not suspend the decision, order or judgment." Hence, after notice of appeal, and until removed, A. P. Tipton, as guardian, was authorized to continue to act as guardian of the person and estate of said ward until a decision of the district court was had.

At the time of the trial in the district court, there was nothing to be decided by that court relative to the appointment of A. P. Tipton either as temporary or permanent guardian, and that question had become moot for the reason that prior to the trial in the district court the said A. P. Tipton had been removed as guardian and the appointment of a successor at her instance had not been appealed therefrom. Therefore, if there was any controversy then determinable by the district court, it was as to whether or not Carrie E. Tipton was of unsound mind, because all other questions incident to the appeal had been disposed of by the action of Carrie E. Tipton pending the appeal.

In the case of Leonard v. Dallas County (Tex.Civ.App.) 292 S.W. 249, it was held that the judgment of the county court decreeing a person to be of unsound mind and appointing a guardian pursuant to article 4272 where the manner of the appointment of the guardian was not complained of was not appealable. This case was followed by Clark et al. v. State et al. (Tex.Civ.App.) 35 S.W.(2d) 488. However, the latter case was reversed by the Commission of Appeals in the case of Pure Oil Co. v. Clark et al., 56 S.W.(2d) 850. It is questionable whether or not the decision in the Leonard Case is now the law.

The judgment of the county court removing Tipton and appointing Burnett guardian, together with the transcript from the county court, show that, after Carrie E. Tipton had given notice of appeal from the previous orders of the county court, she again acting for herself, and through Mrs. Chesley as next friend invoked the jurisdiction of the county court in the matter of her guardianship, and asked that her husband be removed and another guardian be appointed immediately. The judgment appointing J. R. Burnett guardian recites that she waived a hearing and further consideration by the court of the affidavit alleging that she had been restored to her right mind (which affidavit was filed by one of the three attorneys who represented her at the time this judgment was obtained); that she insisted upon the court appointing a new guardian, and agreed with the other interested parties that the new guardian was to be selected by the court without suggestion on the part of any of the interested parties, and all interested parties agreed to abide the judgment of the court in his selection of some competent guardian. That judgment further recited that Carrie E. Tipton had never been restored to her right mind, and, in accordance with the motion and prayer of said Carrie E. Tipton, removed her husband from the guardianship and appointed another guardian.

■ Therefore the questions arise: Did Carrie E. Tipton, by invoking the jurisdiction of the county court and asking that her husband be removed as guardian, and requesting that another guardian be appointed, and by waiving a hearing on the affidavit filed by her attorney that she had been restored to her right mind, and by her agreement in court and obtaining the judgment she so sought, constitute an acquiescence in the judgment of the county court adjudging her to be of unsound mind? Did it have the effect of waiving her right of appeal or constitute an abandonment of such appeal? Were the questions involved in the appeal to the district court rendered moot by reason of matters transpiring subsequently to the notice of appeal?

"The existence of an actual controversy between the parties to the suit is an essential requisite to appellate jurisdiction; and when there is no controversy, or when a controversy existing at the time an appeal was taken has, by reason of matters subsequently transpiring, ceased to exist, the appeal will ordinarily be dismissed. Nor will

appellate courts decide abstract or moot propositions, no matter how interesting a decision thereon might be to the legal profession generally. Nor will moot questions of law be decided on the mere contingency of future litigation." (Italics ours.) 3 Tex. Jur. § 24, pp. 68, 69.

"A case is said to be moot when the question to be determined is abstract, that is, one which does not rest upon existing facts or rights, as when the right that was involved in the action no longer exists or has abated on the death of the defendant * * * And where the sole relief sought is the cancellation of a lease which already has been cancelled, the case is clearly moot * * * And it is well settled that if, pending review of a judgment of the lower court, an event intervenes which renders it impossible to grant effectual relief, the court will not proceed to review the case but will dismiss the proceeding. For example, an appeal from a judgment sustaining a demurrer to a petition to restrain election judges from denying the plaintiff the right to vote at an election will be dismissed when the election has been held." 3 Tex.Jur. § 25, pp. 69, 70.

"Nor will appellate jurisdiction be exercised to determine whether error was committed in deciding an issue in regard to a temporary injunction if the subject matter of the main suit has been settled by the parties out of court." 3 Tex.Jur. § 27, p. 72.

"A party by seeking other inconsistent relief may thereby waive his right to appeal or sue out a writ of error." 2 R.C.L. § 43, p. 61.

"When pending the appeal, the circumstances change to such an extent that the appeal involves merely a moot question, it will, as a general rule, be dismissed." 2 R. C.L. § 145, p. 169.

"It is a well settled rule based upon the principle of estoppel which is sometimes applied in determining the effect of a judgment, that a party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same, or a successive series of suits. * * * If a party in one suit treats a sale as valid and seeks to obtain the benefit as such, he cannot afterwards in another suit between the same parties treat it as invalid for the purpose of obtaining a further advantage. And if a party procures a rule or a decision that a given judgment was valid he will be estopped in subsequent litigation with the same adverse party from denying the validity of the judgment in question." 2 Freeman on Judgments (5th Ed.) § 631, pp. 1329, 1330, and 1331.

"When it appears that there has been a valid settlement or adjudgment by the parties of all their rights and differences respecting the subject matter of the controversy, the appeal will be dismissed, even after the cause has been argued and submitted. * * * As a general rule the appeal will be dismissed where the judgment or decree appealed from has been satisfied or complied with by appellant. * * *" 4 C.J. §§ 2387, 2388, p. 579.

"Acquiescence in any part of an indivisible judgment destroys the appeal therefrom, though the one acquiescing states that he does so with the right to continue the appeal." Jolley v. Vivian Oil Co., 131 La. 937, 60 So. 622.

"An appeal from an order denying an injunction against a post master will be dismissed * * * where, * * * after the appeal was taken, the appellee resigned the office, and his successor has been appointed." Lansing & Co. v. Hesing, 81 F. 242, 26 C.C.A. 382.

"A party may, however, lose his right to maintain an appeal or writ of error * * * by an act or agreement operating as a waiver of his right or an estoppel." 3 C.J. 529, p. 660.

"A party may not only waive his right to appeal or maintain proceedings in error by an express agreement or stipulation, but a waiver may also be implied from, or he may be estopped by, an act or agreement which is inconsistent with such right." 3 C.J. § 535, p. 664.

"If a person voluntarily acquiesces in, or recognizes the validity of, a judgment, order or decree, or otherwise takes a position which is inconsistent with the right to appeal therefrom, he thereby impliedly waives his right to have such judgment, order or decree reviewed by an appellate court." 3 C.J. § 536, p. 665. See, also, 4 C.J. § 2396, p. 584.

Ewing v. Ewing et al., 161 Ind. 484, 69 N.E. 156, 157: "Having recognized said judgment by said contract, and having obtained the consideration therefor, appellant is estopped from asking its reversal for alleged error. Said agreement and the receipt of the rents must be treated as a release or waiver of error, if any."

445

Seaverns v. State, 76 Kan. 920, 93 P. 163: "The occupant of a tract of state school land instituted proceedings to purchase it as a settler. The probate court denied his petition, and he appealed. He then purchased the land of the state at a public sale. Subsequently the district court dismissed his appeal. Held, the conduct of the appellant in purchasing the land at public sale was inconsistent with the claim of error in the judgment of the probate court, and the appeal was rightfully dismissed."

In re Treadwell's Estate, 111 Cal. 189, 43 P. 584, it was held that, where a guardian pending an appeal by him from an order revoking his appointment tenders his resignation, which is accepted, it is an acquiescence in the order appealed from, and the appeal will be dismissed.

Crusel v. Brooks, 127 La. 839, 54 So. 120, 121: "This court has decided, again and again, that acquiescence in the judgment partially or in toto is fatal to the appeal."

. Stebe v. Stebe, 163 Mich. 650, 129 N.W. 356: "Where after a husband appealed from a decree awarding his former wife a divorce and alimony, and while such appeal was pending he remarried, such remarriage constituted and acceptance of the decree, and required a dismissal of the appeal."

2 Cyc. 644: "If a party to an action acquiesces in a judgment or order against him, he thereby waives his right to have such judgment or order reviewed by an appellate court."

National Sav. Bank of City of Albany v. Slade et al., 17 App.Div. 115, 44 N.Y.S. 934: "A party who acquiesces in an order by complying with terms imposed thereby cannot appeal from the order."

Kansas City, Ft. S. & M. Ry. Co. v. Murray, 57 Kan. 697, 47 P. 835: "A party against whom a money judgment has been recovered, and who procures an order of court for the partial satisfaction of the same by setting off against it a like judgment in his own favor for a smaller amount, will be held to have thereby recognized the validity and justice of such judgment against himself, and to have waived his right to prosecute error therefrom."

McKain v. Mullen, 65 W.Va. 558, 64 S.E. 829, 29 L.R.A. (N.S.) 1, is one of the leading cases in other jurisdictions on the question involved. In that case, Mullen purchased real estate at a tax sale upon an assessment in the name of a lumber company and received a tax deed. McKain, who had purchased the title of the lumber company, sought by suit to set aside the tax deed to Mullen for irregularities, and he tendered to Mullen a proper amount for redemption before institution of his suit, and the tender was refused. The suit resulted in a decree annulling the tax deed and directing the clerk to pay Mullen the amount necessary to reimburse him. Mullen accepted such amount and receipted the clerk therefor, but afterwards appealed. McKain moved to dismiss the appeal because Mullen had accepted from the clerk the amount awarded him under the judgment, and it was alleged that Mullen thereby acquiesced in the decree setting aside his tax deed recognizing the validity of the decree and waiving his right of appeal. Mullen then attempted to return the money to the clerk, and, upon the clerk's refusal to accept it, brought the money into court and offered to make restitution of the money he had accepted. The court held that the voluntary acceptance by Mullen of the portion of the judgment favorable to him, although he did not receive from the court all that he asked, was a recognition of the correctness of the judgment, that he thereby acquiesced in the judgment, and that he could not thereafter by appeal take an inconsistent position. See this case for an exhaustive review of the authorities in point.

Lytle Inv. Co. v. McMorris, 189 Iowa, 1355, 179 N.W. 871, 874: "This appellant obtained from the trial court a decree enjoining the defendant, which decree could not have been entered unless it were found that defendant had breached the covenants of his lease, as charged. True, the court refused to cancel the lease. But none the less it made said finding. Thereupon this appellant began an action in forcible entry and detainer, wherein he asked the court to eject the defendant and put plaintiff in possession, because, for one thing, the granting of the injunction aforesaid had settled that such relief was due because the tenant had broken the conditions of the lease. It does not matter that the court trying the forcible entry and detainer case declined to give this appellant the benefit of this claim. The fact remains that the decree obtained was made use of in an attempt to get the relief asked in the second suit. It seems to us to be undeniable that this constitutes a taking of benefits under

the decree now appealed from, and that after the appellant has made use of the said decree in so far as it suited his interest to do so, he is now asking us to review whether the court rightly refused to give appellant something in addition to that part of the decree which appellant has so made use of. The plainest principles of the law of estoppel by inconsistent conduct constrain us not to entertain this appeal. McKain v. Mullen, 65 W.Va. 558, 64 S.E. 829, 29 L.R.A. (N.S.) [1], 4, 9, 11; Harper v. Foster (Tex.Civ.App.) 40 S.W. 40. The same cases hold that the conduct of this appellant works an estoppel by acquiescence. Nor need we stop with these general principles, nor with the statement that the right to accept the fruits of a judgment and the right to appeal therefrom are not concurrent, are totally inconsistent, and work an election by which the taking of the one course is a renunciation of the right to appeal, for which proposition the affirmances are so numerous that citation is impracticable."

City of Lawton v. Ayres, 40 Okl. 524, 139 P. 963: "Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it."

Also see Comeaux et al. v. West et al., 78 Kan. 404, 97 P. 381; Larson v. Vinje (Iowa) 109 N.W. 786; Talbot v. Mason (C. C.A.) 125 F. 101; Evans v. Noble (Iowa) 107 N.W. 1105; Clairview Park Imp. Co. v. Detroit & L. St. C. Ry. Co., 164 Mich. 74, 129 N.W. 353, 33 L.R.A. (N.S.) 250; Connell v. Barber, 124 La. 17, 49 So. 730; State v. Brewer, 135 La. 208, 65 So. 111; Calhoun v. Bryant et al., 28 S.D. 266, 133 N.W. 266; Fidelity & Dep. Co. of Maryland v. Kepley, 66 Kan. 343, 71 P. 818; French v. Vanatta, 83 Ark. 306, 104 S.W. 141; Barnes et al. v. Lynch et al., 9 Okl. 11, 59 P. 995; Williston on Contracts, vol. 2, § 683, p. 1318; Id. § 684, pp. 1320, 1321.

In the case of Dunham v. Randall & Chambers Co. et al., 11 Tex.Civ.App. 265, 32 S.W. 720, 721, defendants in error moved to dismiss the writ of error because plaintiffs in error had voluntarily accepted benefits of the judgment of which they complained. The court in an opinion by Judge Stephens said: "In the absence of a decision by our supreme court, or that of the United States, clearly in point, we are of opinion that we ought to follow the strong current of American authority on the question, especially as it seems to proceed from good reason and sound policy. The rule has often been enforced by our courts that a litigant, except in the matter of pleading his defenses, cannot occupy inconsistent positions. For him to accept the benefits of a judgment while prosecuting an appeal to have it set aside as erroneous is clearly an instance of such inconsistency, giving him, in case of reversal, an undue advantage over his antagonist, and embarrassing the proceedings in the trial court."

In the case of Harper v. Foster et al. (Tex.Civ.App.) 40 S.W. 40, wherein judgment was rendered for the plaintiff for recovery of land, with permission to defendant to remove buildings therefrom, it was held that the defendant waived his right of appeal by removing the buildings, though he did so in defiance of the judgment.

In the case of Parks et al. v. Dallas Terminal Ry. & Union Depot Co., 34 Tex. Civ.App. 341, 78 S.W. 533, 534, the railway company obtained a judgment of condemnation of lands owned by Parks and others, and the judgment provided that, upon the payment by the railway company of a certain amount to Parks et al., or in the court for their benefit, the land condemned be divested out of Parks et al. and vested in the railway company. Thereafter Parks et al. voluntarily received from the clerk of the court the amount deposited by the railway company in accordance with the judgment.

"The defendant in error moves the court to dismiss the writ of error on the ground that the plaintiffs in error, having accepted the benefits of the judgment of which they complain, cannot prosecute a writ of error to reverse the same. As a general rule, a party cannot accept the benefits of an adjudication, and then appeal from the judgment. Matlow v. Cox, 25 Tex. 578; Dunham v. Randall & Chambers Co. [11 Tex.Civ.App. 265], 32 S.W. 720; 2 Enc. Pl. & Pr. p. 174."

In the case of Hefley v. Hugen, 56 Tex. Civ.App. 273, 120 S.W. 956, 957, Hefley was appointed guardian of the insane son of F. Hugen. F. Hugen removed the proceeding to the district court, where he sought to vacate the appointment of Hefley and have himself appointed guardian. In the district court Hugen was appointed guardian, and notice of appeal was given from this judgment. There was an agreement between Hugen and Hefley whereby

it was agreed that Hefley would abandon his appeal, which he did, and join Hugen in a request to the county court to appoint one Bradshaw guardian of Hugen's insane son. Hefley, however, reserved his right to contest the validity of said judgment taxing costs against him. The county court, acting upon the joint request of Hefley and Hugen, appointed Bradshaw guardian, and he qualified as such. Thereafter Hefley filed his motion in the district court to have the judgment against him for costs reformed and annulled, which motion was resisted by Hugen, and from the decision Hefley's appeal was taken. The court, in disposing of the case, used the following language:

"We are inclined to think that the appellant, under the terms of the agreement above recited, abandoning his appeal and joining the father in the request that Bradshaw should be appointed guardian, waived his right, if any he had, to appeal from said judgment."

"It is certainly the law in every state that has spoken on the subject that the definite adoption of one of two inconsistent remedies by a party cognizant of the material facts is a conclusive and irrevocable bar to his resort to the alternative remedy." Jirou v. Jirou (Tex.Civ.App.) 136 S.W. 493, 499. Also see Kreis v. Kreis et al. (Tex.Civ.App.) 36 S.W.(2d) 821.

Texas Employers' Ins. Ass'n v. King (Tex.Civ.App.) 52 S.W.(2d) 668, 669: "The general rule seems to be that a party who enforces or otherwise accepts the benefits of a judgment, order, or decree cannot afterward maintain an appeal or writ of error to review the same or deny the authority which granted it. 3 C.J. § 552; Dunham v. Randall & Chambers Co., 11 Tex.Civ.App. 265, 32 S.W. 720; Harper v. Foster et al. (Tex.Civ.App.) 40 S.W. 40 (writ ref.)." Also see Sanford v. Cobe (Tex.Civ.App.) 172 S.W. 584; Bauman v. Jaffray, 6 Tex.Civ.App. 489, 26 S.W. 260; Cameron v. Hinton, 92 Tex. 492, 49 S.W. 1047; Wiseman v. Cottingham (Tex.Civ. App.) 141 S.W. 817; Id., 107 Tex. 68, 174 S.W. 281; Bandy v. Cates, 44 Tex.Civ.App. 38, 97 S.W. 710; Purington v. Brown (Tex. Civ.App.) 133 S.W. 1080; City of Brownsville v. Kinder (Tex.Civ.App.) 180 S.W. 623.

We are of the opinion that the authorities cited compel the conclusion that Mrs. Tipton, after giving notice of appeal, by thereafter invoking the jurisdiction of the probate court by filing her petition therein asking the removal of her then guardian and praying for the immediate appointment of another, and by agreeing in that court to leave the choice of a guardian to the court without suggestion of interested parties, and by waiving hearing on the affidavit of her restoration to sanity filed therein by her attorney, and by obtaining from that court the judgment sought by her, acquiesced in and ratified the former judgment of the probate court adjudging her to be of unsound mind and its then act in appointing J. R. Burnett guardian.

It will not be disputed that such action was definitely in conflict with her prior action in giving notice of appeal to the district court, and we think unquestionably her later action in invoking the further jurisdiction of the probate court for the purposes and in the manner stated constituted an acquiescence in the judgment of the court adjudging her to be of unsound mind, and a waiver or abandonment of her right of appeal.

The affidavit that she had been restored to her right mind may be construed as an admission that previously she had been of unsound mind. If evidence had been heard on the affidavit of restoration to sanity and it had been found that she had been restored to her right mind, then her discharge from guardianship would necessarily have followed. In such event certainly the questions on appeal would have been moot. She preferred to waive a hearing on such affidavit. She insisted that another guardian be appointed. The appointment of a guardian could be authorized only because she was of unsound mind and had been so adjudged. Did she by such action acquiesce in and ratify the previous action of the probate court in decreeing her to be of unsound mind? We think her action had that effect. Certainly it was inconsistent with her contention on appeal that she was of sound mind. She obtained the appointment of Burnett as guardian, and no attempt to appeal from such judgment was made. We do not believe the fact that she had been adjudged of unsound mind would have the effect of preventing her from waiving her right of appeal, in the absence of proof that the persons acting for her did so fraudulently or contrary to her best interests. She appeared by her next friend in a contest with her then guardian and

448

was represented by able and highly reputable attorneys. Further, the law makes it the special duty of the probate court to transact the business of persons of unsound mind and to look out for their welfare and best interest. In the absence of proof to the contrary, it is to be presumed that it did so.

That Mrs. Tipton did the things recited in the foregoing paragraphs was shown by the judgment of the probate court and the entire transcript from that court which was introduced by appellant in support of the motion in the district court to dismiss the appeal, and apparently there was no other testimony on such issue in the district court, and, such evidence being undisputed, the question raised was one of law, which, we think, should have been determined by the court favorably to appellant, and the appeal should have been dismissed.

The judgment of the district court is reversed, with directions to dismiss the appeal from the county court.