- JOSEPHINE GLENN ET AL. V. STATE OF TEXAS.

Decided December 14, 1907.

**Lunacy—Judgment of—No Appeal.**

From a judgment of lunacy rendered in accordance with the provisions of our statute on that subject, there is no appeal.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*George L. Beatty,* for appellants.

No brief for appellee.

STEPHENS, ASSOCIATE JUSTICE.—It seems that "by complaint lodged with the county judge" of Lubbock County it was charged that Josephine Glenn, wife of John Glenn, was a lunatic, and that the welfare of herself or of others required that she be placed under restraint; and that at a "called term, January 26, 1907," of the "county probate court" of said county, "sitting in chambers for the purpose of inquiring into and trying according to law" said Josephine Glenn on said charge, it was adjudged by said court, on the verdict of the jury, that Josephine Glenn was a lunatic and that the welfare of herself and of others required that she be placed under restraint, and it was ordered that she be conveyed to the lunatic asylum for restraint and treatment. This proceeding was entered by the clerk of said court in the probate minutes. An appeal was taken from this judgment to the District Court by Josephine Glenn, John Glenn joining her as principal in the appeal bond, and pending the appeal John Glenn intervened; whereupon the proceeding was dismissed for want of jurisdiction on motion of the county attorney, and from that judgment this appeal is prosecuted.

The proceeding was evidently instituted under the fifth subdivision of title IX of the Revised Statutes, providing a means for having a person adjudged a lunatic and sent to the asylum. No provision is made under that title, or elsewhere, so far as we know, for appeals in such cases. It is contended that the proceeding in this instance should be treated as a probate proceeding under article 2735 of the Revised Statutes, but we can not so regard it. The language of the Constitution conferring appellate jurisdiction on the District Court in probate matters is as follows: "The District Court shall have appellate jurisdiction and general control in probate matters over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors,

administrators, and guardians, and for the transaction of all business appertaining to estates," which is clearly not applicable to any feature of this proceeding. The judge of the District Court therefore did not err in dismissing the appeal for want of jurisdiction. The judgment is affirmed.

*Affirmed.*