## LEONARD v. DALLAS COUNTY.
### (No. 10009.)

(Court of Civil Appeals of Texas. Dallas. Jan. ·21, 1927. Rehearing Denied Feb. 19, 1927.)

Insane persons ⟨key⟩27, 33(2)—Adjudication of insanity and appointment of guardian in county court held not appealable; no issue as to guardianship being involved (Const.' art. 5, § 8; Rev. St. 1925, arts. 4272, 4273, 4318).

Judgment of county court decreeing a person to be of unsound mind and appointing a guardian pursuant to article 4272, in proceeding under Rev. St. 1925, arts. 4267–4284, held not appealable to district court, under article 4318, or Const. art. 5, § 8, in view of article 4273, where manner of appointment of guardian was not complained of.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Proceedings for the appointment of a guardian for Mrs. M. L. Leonard, alleged incompetent. An appeal from a judgment of the county adjudging her to be of unsound mind and appointing a guardian was dismissed by the district court for want of jurisdiction, and Mrs. M. L. Leonard appeals. On motion for rehearing after dismissal of appeal. Motion overruled.

Webster Atwell, of Dallas, for appellant.
Will McCraw, Dist. Atty., and Claude C. Westerfeld, both of Dallas, for appellee.

PER CURIAM. Dismissed for want of jurisdiction.

### On Motion for Rehearing.

JONES, C. J. On a former day of this term this appeal, from the district court of Dallas county, was dismissed on motion of appellee for want of jurisdiction. Appellant has filed a motion for rehearing, insisting that the court erred in such ruling.

The specific question involved is whether the district court erred in dismissing for want of jurisdiction the appeal from a judg-

ment in the county court decreeing appellant to be of unsound mind. All the proceedings had in the county court were in strict conformity. to the provisions of chapter 12, tit. 69, R. C. S. 1925. The jurisdiction of the county court was invoked by the filing of an affidavit stating that appellant was of unsound mind and without a guardian, the authorized warrant was issued and appellant duly brought before the court, a jury was sworn and impaneled and duly charged after the hearing of evidence as to appellant's mental condition, and a verdict finding appellant of unsound mind was duly rendered. A judgment was entered on this verdict decreeing appellant to be of unsound mind and that a guardian of her person and estate should be appointed. That portion of the decree in reference to the appointment of a guardian is in response to the mandate of article 4272 of said title and chapter. The sole issue, therefore, to be tried de novo by the district court on this appeal, was whether appellant is of sound or unsound mind. Did the district court err in holding that it had no jurisdiction?

It is contended by appellant that the right of appeal is given by article 4318, R. S., which article reads:

"Any person who may consider himself aggrieved by any decision, order or judgment of the court, or by any order of the judge thereof, in relation to guardianships, may appeal to the district court, as a matter of right, without bond."

We cannot agree to appellant's contention. In the case that would have been tried in the district court had it assumed jurisdiction, there would have been no issue as to guardianship. It is true that after it was determined by the trial in the county court that appellant was of unsound mind, it became the statutory duty of the county court to appoint a guardian of her person and estate, but the manner in which the duty was subsequently performed was not called in question by the attempted appeal. It was only after the pronouncement of the decree that appellant was of unsound mind that the probate powers of the county judge were called into exercise. Glenn v. State, 48 Tex. Civ. App. 229, 107 S. W. 622. We are of the opinion that the right of appeal in the instant case was not given by the statute above quoted; and we are also of the opinion that such right is not conferred by the Constitution in its grant of appellate jurisdiction to the district court from certain enumerated orders and judgments of the county court. That portion of the Constitution defining such appellate jurisdiction is embraced in the provisions of section 8 of article 5, and is:

"The district court shall have appellate jurisdiction and general control in probate matters over the county court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators, and guardians, and for the transaction of all business appertaining to estates."

It will be noted that the appellate jurisdiction of the district court over the county court is exclusively confined to its judgments, orders, and decrees entered when sitting in probate. If there had been a contest over who should be appointed guardian or some order of the court in reference to the estate of the deceased, unquestionably an appeal would lie, for in entering such decrees or orders the court would be in the exercise of its probate powers. In the instant case the county court is only a special forum designated by the Legislature for the determination of the issue made by the filing of the affidavit provided for in article 4267 of said title and chapter, and no appeal from the determination of this issue is specifically authorized. Article 4273 of the same title and chapter reads:

"The court may, for good cause shown, at any time within ten days after the verdict has been returned, set aside such verdict and grant a new trial to either party; but, when two juries have concurred in a case, the second verdict shall not be set aside."

This would seem to exclude any inference of the right of appeal.

Chapter 3 of title 69 does authorize the county court, when sitting in probate, to determine whether a person is of unsound mind. This, though, is when the probate power of such court is invoked by an application of a person to be appointed guardian of an alleged lunatic; and, if there has been no adjudication of the mental condition of the alleged lunatic, the court is authorized to determine such condition on the hearing of the application for letters of guardianship. It has been held that an appeal from the ruling of the court on such application for guardianship can be appealed to the district court under the provisions of article 4318. Horton v. Horton (Tex. Civ. App.) 264 S. W. 293. The distinction between that character of proceeding and the proceeding had in the instant case is obvious. In the one case the inquiry as to the unsoundness of mind is a necessary incident in order to determine whether the right of guardianship exists; in the instant case the determination of the question as to soundness of mind is the sole question before the court.

The motion for rehearing is overruled.