**CLARK et al. v. STATE et al.**

No. 10829.

Court of Civil Appeals of Texas. Dallas.

Jan. 17, 1931.

Rehearing Denied Feb. 14, 1931.

McEntire, Shields & Elam, of Canton, and Beall & Beall, of Sweetwater, for appellants.

Vinson, Elkins, Sweeten & Weems, of Houston, and Wynne & Wynne, of Wills Point, for appellees.

JONES, C. J.

There is involved in this case the question whether an appeal to this court is authorized from a judgment of a county court, dismissing the petition of appellant Cone Johnson Clark, praying that an alleged void judgment, decreeing him insane, be set aside and held for naught. The following is a sufficient statement of the facts to understand the issues presented to this court:

Appellant is shown, by the petition, to be a minor over 14 years of age, with his domicile in Fisher county, Tex., where he resided prior to and during the times under inquiry. He received word in September, 1928, that he was wanted in Van Zandt county, in reference to an estate in land he owned in that county. On September 18, 1928, an insanity complaint was made against appellant by one J. G. White, and on said date appellant, in pursuance of the previous request, was present in the county court, but did not know that an insanity charge was made against him and that he was to be tried on such charge. With the complaint as a basis, the case was docketed in the county court of Van Zandt county, styled "The State of Texas v. Cone Johnson Clark, Lunacy, in the County Court of Van Zandt County, Texas." The county court number of the case is 1344, and it also carries "Probate No. 4286." The state of Texas was represented by the county attorney, appellee Paul H. Stanford. Appellant, though a minor, was not represented, either by attorney or by a guardian ad litem. These proceedings were had under title 92, R. S. 1925 (articles 5547–5561). A jury was duly impaneled, evidence offered, and the cause submitted to the jury, substantially in compliance with article 5552, R. S. 1925, declaring what issues shall be submitted to the jury. The court's submission of the special issues and the verdict is as follows:

"No. 1: Is Cone Johnson Clark, the defendant, a person of unsound mind? Answer, 'Yes.'

"No. 2: If you have answered the first issue in the affirmative, then state whether or not the said Cone Johnson Clark is a proper subject in a hospital for the insane? Answer, 'No.'

"No. 3: If you have answered the two foregoing questions in the affirmative, then answer the following issue: How long has the said Cone Johnson Clark been an inhabitant of the State of Texas immediately preceding this Date? Answer, 'All of his life.'

"No. 4: Would the said Cone Johnson Clark be dangerous, by reason of his insanity, if left at large? Answer, 'No.'

"No. 5: Is the defendant possessed of any real estate, and if so, of what does it consist and estimate its value? Answer, 'Has an undivided ⅛ int. in 76 ac. of J. Walling Survey of value of $200 and an undivided ⅛ int., in 102 acres of P. Mason Survey in Van Zandt County, Texas, of the value of $200.'"

"No. 7: Is the said Cone Johnson Clark now being held upon a criminal charge of any nature? Answer, 'No.'"

(Signed by six jurors.)

The judgment entered copied the verdict of the jury and decreed that: "The court is of the opinion that the said Cone Johnson Clark is a person of unsound mind and he is now declared an insane person, and it is ordered, adjudged and decreed by the court that the said Cone Johnson Clark is a person of unsound mind."

It is alleged that appellant, because of his youth and his ignorance of court proceedings, did not understand the nature of the proceeding had, and did not know that he was on trial charged with insanity, and did not know that such a judgment was rendered against him; that no explanation of said proceeding

was made to him; and that he was not called upon to make any statement or to answer any question.

After the judgment of insanity had been entered, appellee R. Clark was appointed guardian of the estate and person of appellant, because he was of unsound mind. Following closely after this guardianship appointment, an oil and mineral lease was executed, by R. Clark as guardian of appellant's real estate, described in the judgment of lunacy. This lease is owned by appellee the Pure Oil Company, but the record does not disclose whether the lease was originally made to such company, or whether it holds same as an assignee.

On September 14, 1930, appellant, for himself and by James M. Shields, guardian ad litem, filed the petition in question, making the said county attorney, the said guardian, and the Pure Oil Company parties defendant, alleging them to be all of the parties interested in the judgment of lunacy. The Pure Oil Company will be referred to as appellee and the other appellees will be referred to by name. The term appellant, as herein used, will refer to Cone Johnson Clark.

Appellee filed a motion to dismiss the petition and an answer to the merits. The motion to dismiss contained four grounds, viz.: (1) Want of jurisdiction in the court to hear the matter; (b) failure to make the state of Texas a party; (3) failure of petition to disclose that the legal requirements for vacating and setting aside a judgment of lunacy had been complied with; and (4) because several terms of the county court had intervened between the rendition of the judgment of lunacy and the filing of the petition. The answer consisted of a general demurrer, four special exceptions, a general denial, and a special plea that there was no authority in law for appellee to maintain such a suit, and that he was not entitled to recover in the incapacity in which he sued.

The petition of appellant is very full with respect to allegations as to the grounds for relief, but the effect of such allegations may be thus briefly summarized: (1) That a lunacy trial under said title 92 is a statutory proceeding, in which certain named special issues are directed to be submitted to the jury, and in which the judgment to be entered on the findings of the jury is directed; and that under the findings in the instant case, the only judgment that could have been entered by the court was one directing the discharge of appellant; (2) that appellant, from his infancy to the present time, had always been a person of normal habits, normal intellect, and had never at any time exhibited any act or conversation that showed him to be otherwise; (3) that the prosecution on the lunacy charge was brought through a conspiracy on the part of appellee and R. Clark to secure to appellee an oil lease upon the lands and properties of appellant at a much lower price than the same was reasonably worth; (4) because the court did not define to the jury any of the legal terms used in the charge, did not place appellant on the witness stand and question him in regard to the condition of his mind, and did not appoint an attorney to represent him in the trial of the case; (5) that the judgment rendered against him was invalid, because he was not a resident of Van Zandt county, but at said time and for a long time prior thereto he was a resident and citizen of Fisher county, Tex. The allegation as to conspiracy is very full and sufficient, if the facts alleged be proven, to sustain the charge of conspiracy and to invalidate the judgment. Upon the hearing, the motion to dismiss was sustained, on the ground of want of jurisdiction to determine the issues made by the petition, and a final judgment of dismissal was entered. The case is before this court on proper assignments of error.

Appellee has filed a motion to dismiss this appeal, on the ground that this court cannot entertain jurisdiction of the matters involved. Jurisdiction of this court is challenged on two grounds: (1) That a judgment of lunacy under said title 92 is not appealable, and that as the effect of the pleading of appellant is merely to review that judgment, the action of the court thereon is likewise not appealable; (2) or if appealable as a proceeding in the probate court, this court cannot entertain such appeal direct from the county court.

We agree with counsel's contention that the judgment entered in the lunacy proceeding is final and cannot be appealed, either to the district court or to this court. Glenn v. State, 48 Tex. Civ. App. 229, 107 S. W. 621; Leonard v. Dallas County (Tex. Civ. App.) 292 S. W. 249. There is, however, a clear distinction between a proceeding designed to set aside a void judgment and a proceeding designed to secure another trial upon the same issues of the former trial, either by means of a motion for a new trial, or by means of a bill of review. The former proceeding is within itself an independent suit, though it may be filed in the cause in which the alleged void judgment is entered; while the latter proceeding is not an independent suit, but is an effort to secure a new trial of the same cause of action in the same forum in which the judgment was rendered.

If the judgment of dismissal in the instant case were based upon a refusal to consider a motion for a new trial in the judgment of lunacy, or on a motion in the nature of a bill of review seeking likewise a new trial of the issues of insanity, then this court would be without jurisdiction to entertain the

appeal from the judgment of dismissal, for the reason that, if an appeal would not lie from the original judgment, it necessarily follows that an appeal would not lie from a judgment dismissing either a motion for a new trial or a bill of review seeking a new trial of the issues in the insanity case.

On the other hand, if the petition filed in the instant case in the county court of Van Zandt county be construed to be the institution of a civil suit in such court to give appellant relief from a void judgment of insanity, then it is clear that an appeal from the judgment entered does lie to this court. An inspection of the petition filed by appellants discloses that it is subject to the reasonable construction that the relief sought is not a retrial of the issues involved in the insanity hearing, but is to set aside a judgment, alleged to be void, because of the fraud practiced on appellant in securing it, and because, irrespective of the question of fraud, the judgment shows on its face that it is void. It necessarily follows that the filing of appellants' petition instituted a civil suit on grounds that are clearly justiciable. The allegations of fraud are sufficient, if established in court, to vitiate the judgment. When appellee filed its motion to dismiss the petition without a hearing, it admitted, for the purpose of the motion, the truth of these allegations of fraud. Consequently, on this appeal, this court must treat as a fact that the judgment of lunacy was fraudulently procured, and that appellee was a party to such fraud. Hence, in so far as this appeal is concerned, the proceeding below was to set aside judgment void because of fraudulent procurement.

Does the judgment show on its face to be void? Our civil statutes provide for two lunacy proceedings; one in chapter 12 of title 69 (articles 4267–4284), the other in title 92 (articles 5547–5561). The style of title 69 is "Guardian and Ward"; the style of title 92 is "Lunacy-Judicial Proceedings in Cases of." The primary purpose of the lunacy proceedings, authorized by chapter 12 of title 69, is for the appointment of a guardian for the person and estate of an alleged lunatic. Articles 4267 and 4272, R. S. 1925. Such case shall be docketed in the name of the county, as plaintiff, and in the name of the alleged lunatic, as defendant. The state of Texas is not a party to such a cause of action, and neither is the state, or society at large, primarily concerned in such a cause.

A different purpose is manifested by the insanity proceedings authorized under title 92. The case is docketed in the name of the state of Texas, as plaintiff, and in the name of the alleged lunatic, as defendant. Article 5550. The primary purpose of the proceedings under title 92 is to determine whether the alleged lunatic should be confined because of his danger to, and the safety of, society. This fact is manifested by the issues required to be submitted to the jury trying the case, under the provisions of article 5552; and under the provisions of article 5553, which directs that if the jury should answer either that the defendant is not of unsound mind, or that he is of unsound mind, but that it is not necessary that he be placed under restraint, the other statutory issues shall not be answered, and that the judgment in the case shall be to discharge the defendant. This fact is further manifested by a provision of article 5554, which, in effect, directs the court trying the case to enter a judgment of insanity, only in the event that the jury finds both that the defendant is of unsound mind and that it is necessary that he be restrained. In the instant case, the record of the insanity proceedings discloses that the jury found that the defendant (appellant) is of unsound mind, but further found that no restraint is necessary. It must be remembered that these proceedings are purely statutory and that the court trying the case has only such authority as is either expressly given or clearly implied by the controlling statutes. It is expressly declared by statute that, if the jury finds that it is not necessary to place the defendant under restraint, the court shall discharge him, and it is necessarily implied that a judgment to that effect shall be entered and that no other substantially different judgment can be entered under such a finding. If the court entered a judgment, not in substantial compliance with such statutory mandate, such court acted in excess of its authority and such judgment is void. It therefore appears that the judgment of the trial court is shown by the record to be void. As a void judgment, it is subject to be set aside, either by direct suit filed for that purpose, or it can be collaterally attacked and held invalid in any proceeding in which such judgment is made a basis for any character of claim against appellant.

In our opinion, the petition filed by appellant in the county court is a direct attack upon this judgment, institutes a civil suit to set it aside, and that an appeal will lie to this court from the judgment of dismissal.

The jurisdiction of the county court to entertain a suit to set aside a lunacy judgment is attacked. The question on this issue is: Is the county court given jurisdiction to set aside a void judgment of lunacy rendered by the judge of the county court, while presiding as judge in the said lunacy proceedings? The record shows that the lunacy case was given a county court number, and hence must have been placed on the docket of the county court. The lunacy judgment is thus given the effect of a judgment of the county court. When appellant filed its petition in said cause, under the county court docket number, he entered the jurisdiction of the same presiding judge that pronounced

the lunacy judgment; he likewise entered the jurisdiction of the same court in which the void judgment was made a basis for appointing a guardian of his person and estate, and we see no reason why the county court is not authorized to entertain jurisdiction to annul a judgment entered by the presiding judge of such court. We therefore overrule this contention.

It necessarily follows that, in our opinion, the judgment dismissing the petition filed in this cause should be reversed, and the cause remanded for a hearing on the merits of the petition, and it is so ordered.

Reversed and remanded.