**GOODWIN v. BOGGUS et al.**

No. 998.

Court of Civil Appeals of Texas. Eastland.

Oct. 14, 1932.

J. T. Ranspot, of Mineral Wells, for appellant.

W. J. Oxford and J. A. Johnson, both of Stephenville, for appellees.

FUNDERBURK, J.

Frank Goodwin was tried for lunacy under the provisions of R. S. 1925, title 92, arts. 5550 to 5561. The jury answered the first statutory issue "Yes," and the second "No"; that is to say, they answered that Frank Goodwin was of unsound mind, but that it was not necessary that he be placed under restraint. It was further found that the defendant was 59 years of age, and was the owner of property of the value of $9,000. Upon these findings the county court, on December 10, 1930, adjudged the said Frank Goodwin to be of unsound mind, and awarded against him recovery of the costs of the proceeding. This proceeding was styled The State of Texas v. Frank Goodwin, Defendant, No. 18, and may be referred to as "the lunacy proceeding."

On the same day, in a different proceeding, entitled "In re Guardianship of Frank Goodwin, Non Compos Mentis, No. 1872," which may hereafter be referred to as "the guardianship proceeding," Will Boggus filed an

application to be appointed guardian of the person and estate of said Frank Goodwin. In the application it was alleged, among other things: "That the said Frank Goodwin was, on the 10th day of December, 1930, brought before this honorable court by a warrant issued out of said court under article 4267, charging that the said Frank Goodwin was of unsound mind, and a jury was impanelled to try said Frank Goodwin as provided for in articles 4270–4272, R. S. 1925, and the jury after having been duly qualified under the law to try the said Frank Goodwin, has found by its verdict that he was and is a person of unsound mind, as shown by the verdict of said jury and the judgment of the court rendered therein." The preceding quotation clearly refers to the lunacy proceeding. On the same day the court granted the application, fixed the bond, and appointed appraisers of the estate. The order shows that the appointment of Boggus was as "temporary guardian." It recited a finding that Goodwin was a person of unsound mind, as previously adjudged upon a verdict of a jury. (This also referring to the lunacy proceeding.) The order further recited that the appointment of the temporary guardian was without citation, but it was directed that "due notice of said application be given as is now required by law, and that said Frank Goodwin shall be personally served with citation to appear and answer such application at the next regular term of this court, or at such a time as is required by law for notice of this proceeding to be given," etc. It further provided that: "Such appointment of guardianship, unless contested at the time said notice shall be made returnable, whether the trial be at the next term of court or at a time designated in said notice for the hearing of said application, after service of citation has been made, as provided by law, shall be made permanent." The order named "said Frank Denton" as the temporary guardian, but we think it clear that the name was used inadvertently for that of Will Boggus. The citation commanded service by posting. It recited that Will Boggus had filed an application for letters of temporary guardianship, and had been appointed temporary guardian, and that the guardianship would be made permanent, unless same was contested "on the fourth Monday in December, 1930, the same being the 22nd day of December, A. D., 1930 * * * at which time all persons interested in the welfare of said person and state may appear and contest such appointment, if they so desire."

The instant suit was brought by Goodwin against Will Boggus and Victor Bouldin, directly attacking the judgment in the lunacy proceeding No. 18, and the judgment in the guardianship proceeding, No. 1872, and seeking to have said judgments and proceedings declared void and to recover possession of his

property from the guardian. The defendants answered, pleading, among other things, the good faith of the said Will Boggus in his appointment and service as guardian, and his payment of claims for necessaries, and prayed that, in the event his appointment was not regular, he be declared a trustee and his acts inquired into and approved by the court. The answer further set up that Goodwin was not of sound mind; that he had an estate and required the appointment of a guardian, and pleaded the former adjudication of his mental unsoundness, and prayed for the appointment of a guardian.

The court, in a nonjury trial, adjudged the temporary guardianship proceeding to be void, and removed the said Will Boggus as guardian, but decreed the judgment in the lunacy proceeding to be valid and confirmed the same. Upon the basis of the last-named adjudication and the finding of facts showing the necessity for the appointment of a guardian, the court appointed C. A. Maddox guardian of the person and estate of the said Goodwin. Goodwin has appealed.

The first question presented is whether the judgment in the lunacy proceeding, adjudging Goodwin to be of unsound mind, was void. The proceeding authorized by R. S. 1925, title 92, has for its sole purpose the determination of the necessity for restraint of persons of unsound mind. Clark v. State of Texas (Tex. Civ. App.) 35 S.W.(2d) 488. The proceeding is special and no appeal lies from the judgment. Glenn v. State, 48 Tex. Civ. App. 229, 107 S. W. 621; Leonard v. Dallas County (Tex. Civ. App.) 292 S. W. 249; Clark v. State (Tex. Civ. App.) 35 S.W.(2d) 488. The issues of fact to be determined are the same in all cases and are prescribed by law. R. S. 1925, art. 5552. The first issue is: "Is A. B., the defendant, of unsound mind?" The second is: "If the defendant is of unsound mind, is it necessary that he should be placed under restraint?" An affirmative answer to both is required to authorize the court to enter any judgment other than one discharging the defendant. Article 5553. The jury having answered the second issue in the negative, the court was without lawful authority to adjudge the defendant of unsound mind or to make any other order than one discharging the defendant. Clark v. State, supra. There being no right of appeal from the void judgment, and this suit being a direct attack upon its validity, we think the trial court erred in not decreeing the judgment to be void.

The next question is whether the court, having determined, [correctly, as we believe, and as this court so held in Damron v. Rankin (Tex. Civ. App.) 34 S.W.(2d) 360], that the temporary guardianship proceeding was void, had the authority in the instant case to readjudge the necessity for the appointment of a guardian and to appoint C. A. Maddox as such

guardian without any other adjudication of the insanity of Goodwin than as shown by said void judgment in the lunacy proceeding. R. S. 1925, title 69, chapter 12 (article 4267 et seq.), provides a complete procedure for the appointment of guardians of insane persons and habitual drunkards. That procedure includes as one of the essentials a jury trial and verdict upon the issues of whether the defendant is of unsound mind or is an habitual drunkard. The style of a case brought under said statute is in the name of the county as plaintiff and the insane person or habitual drunkard as defendant. R. S. 1925, art. 4271. Plainly that procedure was not followed in the appointment of C. A. Maddox, guardian. On the contrary, for an adjudication of the issue of insanity, the former void judgment in the lunacy proceeding was expressly adopted and made the basis of such action.

It is clear that, if the judgment is to be sustained, it must be upon the authority of some other statute than title 69, chapter 12, or title 92 (articles 5547 to 5561). The only other statute to be considered is R. S. 1925, art. 4123. That statute is expressly cumulative to said chapter 12 of title 69, and provides that, in the appointment of regular guardians, all issues, including that of whether or not the person is of unsound mind, "shall be determined by the court on hearing, unless a jury is demanded, but it shall not be a prerequisite to such appointment that there has been a jury trial, verdict and judgment that the person is of unsound mind, or is an habitual drunkard, nor is such person required to be present at the trial." We shall not undertake to pass upon the validity of this statute because it is unnecessary to do so. Evidently it means that, if a jury be not demanded, a jury trial is thereby waived. It occurs to us that there may be grave doubt whether one charged with insanity can thus by mere silence waive the constitutional right of trial by jury. The capacity to make such a waiver would be wholly inconsistent with that degree of mental unsoundness sufficient to warrant a court in taking possession of one's property and administering it, regardless of the wishes of the owner. But we may, for the present purposes, assume, without deciding, that the statute is valid. Its minimum requirements are a determination of the issue of mental unsoundness by a jury or a waiver of a jury trial, and a determination of the issue by the court upon a hearing. This presupposes, of course, that the court in a particular proceeding has acquired jurisdiction of 'the person of the defendant. It is clear to us that these requirements have not been met. The issue of insanity was treated as having been predetermined by the void judgment in the lunacy proceeding. There was no waiver of a jury, since, under the theory adopted, there was no necessity for a jury, and hence no oc-casion to exercise a power to waive. Besides, no such notice or service thereof upon Goodwin is shown as would give the court the authority to appoint a guardian.

For these reasons, we think the judgment below must be reversed and the cause remanded, which is accordingly so ordered.