850

## PURE OIL CO. v. CLARK et al.
### No. 1373—5961.

Commission of Appeals of Texas, Section B.

Feb. 1, 1933.

See, also, 35 S.W.(2d) 838; 37 S.W.(2d) 1083, 1088; 40 S.W.(2d) 962; 56 S.W.(2d) 852, 853, 855.

Vinson, Elkins, Sweeton & Weems, C. A. Sweeton, and David T. Searls, all of Houston, and Wynne & Wynne, of Wills Point, for plaintiff in error.

Beall & Beall, of Sweetwater, and McEntire, Shields & Elam, of Canton, for defendants in error.

RYAN, J.

Defendant in error, Cone Johnson Clark, was adjudged to be a person of unsound mind by the county court of Van Zandt county, on September 18, 1928; on February 14, 1930, he, "joined by his next friend and his guardian ad litem, James M. Shields," instituted this proceeding in the same court which had rendered the lunacy judgment to set the same aside as a void judgment.

Paul H. Stanford, county attorney, R. Clark, and the Pure Oil Company, a private corporation, were named parties defendant.

It was alleged by defendants in error that said judgment was obtained as the result of conspiracy and fraud, in that the Pure Oil Company, desiring to obtain, without paying the reasonable cash market value thereof, a lease upon certain real estate reputed to be oil and gas land owned by Cone Johnson Clark, caused him to be adjudged a person of unsound mind, and, pursuant to said judgment, R. Clark to be appointed and qualified as guardian of his person and estate. and through said guardian obtained the desired oil and gas lease.

It was further alleged, in substance, that the sole purpose of said lunacy proceedings was to furnish a guardianship proceeding as a basis for the obtaining, through court orders, of a gas and oil lease and not for the purpose of protecting the ward, who was also a minor at the time.

The county court, on March 25, 1930, dismissed the proceeding for the want of jurisdiction, to which action "the said Cone Johnson Clark and his representatives in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District." Such appeal was perfected by the approval and filing of a proper bond, on March 27, 1930.

The Pure Oil Company then filed motion to dismiss the appeal, for the reasons: (1) There is no statutory ground for exercising appellate jurisdiction in this case; (2d) the ruling in the county court was a probate proceeding, and no appeal therefrom lies directly to the Court of Civil Appeals.

The Court of Civil Appeals overruled the motion to dismiss, and in reversing the judgment of dismissal. and remanding the cause for a hearing on the merits held that the petition filed by defendants in error is a direct attack upon the lunacy judgment, institutes a civil suit to set it aside, and that appeal lies directly to that court from the county court's judgment of dismissal. 35 S.W.(2d) 488.

### Opinion.

In this state the proceedings under which a person may be declared insane and a guardian appointed for him have been revised, repealed, and added to, from time to time, until there is some confusion in just what comprises the statute. The original act as it appeared in the 1911 revision of the statutes (article 150 et seq.) was amended by the act of 1913 (Reg. Sess. c. 163) but a portion of the last act was subsequently declared unconstitutional and void (White v. White, 108 Tex. 570, 196 S. W. 508, L. R. A. 1918A, 339).

In the revision of 1925, several important articles of that statute, notably those relating to the commencement of the proceeding, the apprehension of the suspected lunatic, and summoning of a jury, seem to have been omitted. Smoot's Law of Insanity, p. 98. This refers to title 92, articles 5547 to 5561, Rev. Stat. 1925.

Under that title as deleted there is no requirement providing for a preliminary affidavit or apprehension of the supposed lunatic; it is required, however, that the "cause" shall be docketed on the probate docket of the court in the name of the state of Texas as plaintiff and of the person charged to be insane, as defendant, a trial by jury of six men had, certain special issues submitted, and, upon verdict returned that the defendant is of unsound mind and that it is necessary that he be placed under restraint, judgment shall be entered adjudging the defendant to be of unsound mind and his committal for restraint and treatment to any insane asylum operated by the state or to any authorized agency of the United States government where such agency will accept such person. Provision is then made for the conveyance of such person to such custody or to "some relative or friend of the lunatic" who will undertake the proper care and restraint with proper bond securing the same.

▮ Under such proceeding only the question of insanity is involved, and no provision for an appeal is made; the adjudication of insanity alone is merely incident to the commitment to an asylum or other institution or person as hereinbefore stated, and is not appealable, unless made so by statute. Glenn v. State, 48 Tex. Civ. App. 229, 107 S. W. 621; Leonard v. Dallas County (Tex. Civ. App.) 292 S. W. 249; 32 C. J. 649; Smoot's Law of Insanity, p. 124.

However, title 69, c. 12, Rev. Stat. 1925 (art. 4267 et seq.), relating to the appointing of guardians for lunatics and habitual drunkards provides a complete procedure in such matters.

Upon information that a person of unsound mind or an habitual drunkard is without a guardian, the county judge, if satisfied there is good cause for the exercise of his jurisdiction, may, by issuance of a warrant to the proper officer, cause such person to be brought before him (article 4267, Rev. Stat. 1925); this may also be done upon the filing by any county officer of proper information (articles 4268, 4269, Rev. Stat. 1925). A jury is then impaneled to try the case and decide whether such person is of unsound mind or is an habitual drunkard (article 4270).

There is a marked difference between this and article 5554, title 92, Rev. Stat. 1925, applicable to cases committing for restraint and treatment, alone. In the latter the jury must find not only that the defendant is of unsound mind, but also that it is necessary that he be placed under restraint, whereas, under article 4270, no such finding of necessity for restraint is necessary.

The jury having found the defendant to be of unsound mind, it is the court's duty, immediately and without further notice, to appoint a guardian of the person and estate of such defendant in the same manner as in the case of a minor (article 4272, Rev. Stat. 1925), and the provisions relating to the guardianship of the persons and estates of minors are applicable to lunacy guardianships, in so far as applicable (article 4274, Rev. Stat. 1925).

It is also provided (article 4273, Rev. Stat. 1925) that for good cause shown, within ten days after verdict returned, the court may set aside such verdict and grant a new trial to either party, with the provisio that, when two juries have concurred in a case, the second verdict shall not be set aside.

Provision is also made for an appeal to the district court by article 4318, Rev. Stat. 1925, as follows: "Any person who may consider himself aggrieved by any decision, order or judgment of the court, or by any order of the judge thereof, in relation to guardianships, may appeal to the district court, as a matter of right, without bond."

▮ Therefore an appeal lies to the district court from the judgment of the county court with reference to the determination of a person's sanity coupled with the appointment of a guardian for him. Hefley v. Hugen, 56 Tex. Civ. App. 273, 120 S. W. 956. As said by Judge Randolph, in Warrick v. Moore County (Tex. Civ. App.) 291 S. W. 950, 955; "The question as to whether a party is of unsound mind is a jurisdictional fact, to be ascertained before such guardian can be appointed, and the order appointing such guardian is based solely upon the ascertained fact of unsoundness of mind. Hence the finding as to the unsoundness of mind is as much a part of the probate proceedings as the order of appointment."

That was a case of certiorari from the district court to the county court, and it was there held that a person adjudged of unsound mind in a proceeding instituted in the county court, and wherein a guardian for his person and estate was appointed, can have the proceedings revised in the district court, this to include the question of unsoundness of mind, and upon such hearing in the district court the cause is to be tried de novo.

The distinction between a trial where the question of insanity alone is merely incident to the commitment to an asylum and a trial where the adjudication of insanity is incident to the appointment of a guardian is that the latter trial partakes of the nature of a guardianship proceeding over which the district court has jurisdiction by express provision of

the statute (articles 4318 and 4103) and by constitutional provision (article 5, § 8).

That appeal is not from the county court to the Court of Civil Appeals, but to the district court.

It is contended by defendants in error that they sought only to set aside the order adjudging Cone Johnson Clark 'to be of unsound mind, on the ground that said judgment and all orders thereunder are void; that said proceeding was a new suit to set aside an alleged void judgment, and therefore the appeal was properly had to the Court of Civil Appeals.

We do not sustain such contention. Because of the guardianship an appeal would lie, but only to the district court. Article 4318, Rev. Stat. 1925. The statute so provides; it also provides for the correction and revision of the county court's orders by bill of review filed in that court (article 4328, Rev. Stat. 1925), and by certiorari from the district court (article 4329, Rev. Stat. 1925).

This is a direct appeal to the Court of Civil Appeals from a judgment of the county court dismissing a suit which was a direct attack to set aside a probate proceeding. In United States F. & G. Co. v. Buhrer, 103 Tex. 557, 131 S. W. 808, 810, on certified question, Judge Williams said:

"The jurisdiction given to the county court by section 16 of article 5 of the Constitution to appoint guardians and 'to transact all business appertaining to deceased persons, minors,' etc., is quite distinct from that given in the first part of that section over misdemeanors and 'civil cases.' The power given to the court by the article of the statute cited to review its orders upon bill of review is part of the jurisdiction which belongs to the court under the grant first mentioned. No other jurisdiction so to review orders of that character in this mode is given to any court; and it is given to the county court when transacting business pertaining to minors, and not when exercising jurisdiction over civil cases. A bill asking such a court to review its orders in a guardianship. after it has lost all power to change them otherwise than in the mode prescribed by this statute, must necessarily be treated as a proceeding under that statute, invoking the only power that the court has—a power included in that to transact 'business appertaining to minors' granted by the Constitution. And when the court has acted in the exercise of that kind of jurisdiction the only appeal allowed by the Constitution and laws is to the district court. * * *

"The present question is not whether or not a good cause of action was shown, nor as to the correctness of the judgment of the county court, but as to the kind of jurisdiction invoked."

We have reached the conclusion that an appeal such as here sought should have been to the district court and not to the Court of Civil Appeals, and therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the appeal to that court be dismissed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and judgment rendered as recommended by the Commission of Appeals.

