## MAST v. ORUM.

### No. 3225.

Court of Civil Appeals of Texas. Beaumont.

Dec. 28, 1937.

Rehearing Denied Jan. 12, 1938.

Adams & McAlister, of Nacogdoches, for appellant.

John B. Guinn, of Jacksonville, for appellee.

WALKER, Chief Justice.

On the 25th day of May, 1936, appellant, H. R. Mast, filed his petition in trespass to try title in district court of Nacogdoches county to recover of and from appellee, Ocie Orum, the title and possession of a sixteenth interest in a certain tract of 160 acres of land out of the J. W. Smith headright and the Jose Weeks survey in Nacogdoches county, and being the same land sold by B. S. Shirley, as guardian of Jessie Runnells, a lunatic, to R. E. Banks, in October, 1919. Appellee answered by plea of demurrers, not guilty, limitation, estoppel, etc.

Appellee holds the Banks' title. Appellant holds title under the heirs of Jessie Runnells, lunatic, who died four years, four months, and nine days before this suit was filed, and also under the administrator of Jessie Runnells' estate.

On trial to the court without a jury, judgment was in favor of appellee for the title to the land in controversy; from that order appellant has duly prosecuted his appeal to this court.

We shall discuss only the validity of the sale of the land in controversy by the guardian to R. E. Banks.

On the 11th day of August, 1929, in county court of Nacogdoches county, "in the matter of the estate of Jessie Runnells, insane," B. S. Shirley filed his petition alleging that Jessie Runnells was insane; that he was an inmate of a lunatic asylum, and at that time had been confined in the asylum for a period "something like seven years"; and other facts sufficient to invoke the jurisdiction of the county court to appoint a guardian of the estate of Jessie Run-

**1130**

nells; petitioner prayed "for temporary letters of guardianship of the estate of said Jessie Runnells," and that at the next regular term of the county court "such guardianship" become permanent. On the 11th day of August, 1919, the county judge of Nacogdoches county entered his order appointing B. S. Shirley temporary guardian of the estate of Jessie Runnells, lunatic, ordering that citation issue "as the law directs in such matters and if no contest is filed this temporary Guardianship will be made permanent at the next regular term of this court as prayed for in the original petition of B. S. Shirley this day filed in this cause," and on that date Shirley filed his bond as temporary guardian with H. E. Seale and appellant, H. R. Mast, as sureties. Citation was regularly issued and regularly served, and on the 21st day of November, 1919, the county court of Nacogdoches county entered its order making the temporary appointment of Shirley permanent. Under authority of these orders the guardian sold the land in controversy to R. E. Banks, and on the 28th day of October, 1919, the court entered the following order confirming the sale:

"No. 1803—Confirmation of Sale

"Guardianship of Jesse Reynolds, a Lunatic. In County Court of Nacogdoches County, Texas—Term A.D. 1919.

"On this the 28 day of Oct. A.D. 1919 came on to be heard in the Guardianship of Jesse Reynolds, a Lunatic the report of B. S. Shirley, Guardian of said Lunatic of the sale of the tracts of land hereinafter described made in obedience to the order of this Court made and entered on the 16 day of October A.D. 1916. And it appearing to the Court that the said report of sale has been filed and docketed in the manner and for the time required by law, and it further appearing upon examination and the evidence herein, that the said sale was fairly made and in conformity with law, and that said Guardian B. S. Shirley has filed his Bond herein as required by law which has been duly approved by the Court, and that said land brought a fair price and it further appearing * *¹ * that R. E. Banks became the purchaser of the second tract of land at private sale for the sum of thirty two hundred dollars payable $1,200.00 in cash and the balance on a credit to be paid as follows: One note for $500.00 due and payable January 5, 1920; one for $750.00 due and payable January 5 A.D. 1921; and

one for $750.00 due and payable January 5 A.D. 1922 all of even date bearing interest at 10% from date to be secured as the law directs; that said sale ought to be confirmed, and that the said land is described as follows, to wit:

"One 96 acre tract of land the same being 6/10 undivided interest in a 160 acre tract of land on the J. W. Smith headright on the Jose Weeks survey. For full description see deed records of Nacogdoches County, vol. 69 page 548.

"It is therefore ordered, adjudged and decreed by the Court that the said sale be and the same is in all respects approved and confirmed and that the said report of sale be recorded by the Clerk.

"And it is further ordered that the said B. S. Shirley Guardian as aforesaid make a proper conveyance of the said lands to the said R. E. Banks. * * * upon his compliance with said terms of sale."

Under authority of this order of confirmation the guardian executed his deed to R. E. Banks.

Opinion.

Appellant contends that the sale by Shirley, as temporary guardian, was void, citing in support of his proposition Damron v. Rankin, Tex.Civ.App., 34 S.W.2d 360; Pure Oil Co. v. Clark, Tex.Civ.App., 35 S.W.2d 838; and Goodwin v. Boggus, Tex.Civ.App., 53 S.W.2d 646. These cases support the proposition as against a direct attack, but the case at bar is a collateral and not a direct attack.

By his petition Shirley alleged that Jessie Runnells was of unsound mind, that, at the time of the filing of the petition, he was confined in an insane asylum, and that a necessity existed for the appointment of a guardian of his estate. On these allegations the jurisdiction of the county court attached to determine the issues presented by the petition. On this point in Bearden v. Texas Company, Tex.Civ.App., 41 S.W. 2d 447, 459, syllabus 8, the court said: "Upon the filing of the applications of Myers and Wilson for guardianship of Mrs. Annie Bearden, alleging that she was of unsound mind and that a necessity existed for the appointment of a guardian of her estate, the jurisdiction of the county court to determine those issues attached. Hoffman v. Building & Loan Association, 85 Tex. 409, 22 S. W. 154."

Since the jurisdiction of the county court attached on the filing of the petition by

Shirley, the orders appointing him guardian and confirming his sale of the land to Banks were not subject to collateral attack, that is to say, these orders were not void, but merely voidable. On this point, in Burnett v. Tipton, Tex.Civ.App., 89 S.W.2d 440, 442, the court said: "This court has heretofore held that the appointment of a temporary guardian for a person of unsound mind is not authorized by article 4134, R.S.1925, which article does authorize the appointment of a temporary guardian for a minor. Damron v. Rankin et al. (Tex.Civ.App.) 34 S.W.(2d) 360; Goodwin v. Boggus (Tex. Civ.App.) 53 S.W.(2d) 646. The order making the appointment of said temporary guardian permanent was likewise unauthorized. Pure Oil Co. v. Clark et al. (Tex.Civ. App.) 35 S.W.(2d) 838; Withers v. Patterson, 27 Tex. 491, 86 Am.Dec. 643. However, the court having jurisdiction of the person of the defendant and the subject-matter, its said orders, if erroneous, were not void. Bearden et al. v. Texas Co. et al. (Tex.Civ.App.) 41 S.W.(2d) 447; Id. (Tex. Com.App.) 60 S.W.(2d) 1031. We do not believe the court erred in overruling the exception to the affidavit of lunacy and the application for guardianship as insufficient in law."

The order of the probate court confirming the sale by the guardian of Jessie Runnells, lunatic, to R. E. Banks in all things regular was not subject to appellant's collateral attack, and as against that attack the trial court correctly sustained this order as valid.

On this conclusion the judgment of the lower court must be affirmed, and it is accordingly so ordered.